## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| The Fork Corner SAS,<br><br>              Plaintiff,<br><br>    -against-<br><br>Opinel SAS, Opinel USA Inc., and Alexandre Delecroix,<br><br>              Defendants. | Case No.: 1:23-cv-16187<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff The Fork Corner SAS ("TFC"), by and through undersigned counsel, brings this Complaint for a declaratory judgment, permanent injunctive relief, and damages against Defendants Opinel SAS, Opinel USA Inc.,[1] and Alexandre Delecroix by alleging as follows:

## INTRODUCTION

1.       This suit concerns a fraudulent scheme by Opinel and its brand manager, Delecroix, to destroy TFC's business.  TFC is an online retailer.  Among the products TFC sells are Opinel-brand products that TFC purchases in Europe and resells in the United States.  Opinel believes that TFC sells those products at prices Opinel deems too low—Opinel, in other words, believes American consumers should have to pay more for its products.  But there is no contract or law prohibiting TFC from reselling authentic products at whatever prices the market will support.  With no lawful recourse against TFC, Opinel and Delecroix fabricated false counterfeit claims that they filed with Amazon.  Amazon responded by suspending TFC's entire online store—including with respect to products completely unrelated to Opinel—unless and until Opinel withdraws its claims.

---

[1]       Collectively, Opinel SAS and Opinel USA Inc. are referred to as "Opinel."

With TFC's business effectively shuttered, Opinel then tried to *extort* TFC by offering to withdraw its false counterfeit claim only if TFC stops selling Opinel-brand products. Opinel even offered to buy back TFC's inventory, demonstrating its own bad faith and knowledge that the products TFC sells are not counterfeit. TFC brings this action to restore its reputation and hold Opinel accountable for its fraudulent acts.

## SUMMARY OF THE ACTION

2. The Fork Corner SAS is a company that sells tableware and kitchenware products.

3. TFC sells its products exclusively through its online Amazon marketplace account.

4. Some of the products that TFC offers for sale are manufactured by Opinel SAS.

5. Opinel USA Inc. is an American subsidiary of Opinel SAS.

6. TFC sells Opinel-brand products through a downstream purchasing strategy whereby Opinel first sells its products to European distributors, these distributors then sell the products to TFC, and finally, TFC sells the products to consumers.

7. On information and belief, Opinel sells its products to European distributors at lower prices than which it sells the same products to American distributors. As a result, TFC's downstream purchasing strategy enables TFC to offer American consumers Opinel-branded products at lower prices than those offered by other American distributors.

8. TFC does not buy Opinel-brand products directly from Opinel. As such, TFC has never entered into any contract—not even a simple purchase agreement—with Opinel.

9. Amazon expressly permits third-party sellers (like TFC) to sell products bearing trademarks the seller does not own as long as the products are authentic and no trademarks are misused.

10. TFC sells only authentic products. TFC has never sold a counterfeit Opinel-brand product.

11.     TFC does not infringe on Opinel's trademarks in selling and shipping Opinel-brand products.

12.     TFC sells a wide range of Opinel-brand products and products from other brands, as well.  As of October 2023, approximately 26% of the products TFC offered for sale on its Amazon marketplace were Opinel-brand.

13.     Alexandre Delecroix is the brand manager of Opinel USA Inc.

14.     Beginning in August 2023, Opinel SAS, through its agent Alexandre Delecroix, attempted to eliminate TFC from the Amazon and broader U.S. marketplace.  Opinel did so because TFC's downstream purchasing strategy allowed TFC to offer Opinel products to American consumers at a lower price than what was otherwise available in the U.S. market.

15.     Opinel's motive is clearly demonstrated in extensive communications between TFC and Delecroix and between TFC and other Opinel representatives and attorneys.  Opinel has never directly accused TFC of selling a counterfeit product.  Rather, Opinel's sole purported basis for attempting to eliminate TFC from the Amazon marketplace is because of TFC's (lawful) downstream purchasing strategy and its effect on Opinel's financial bottom-line.

16.     Opinel attempted to eliminate TFC from the Amazon marketplace by submitting two notices to Amazon falsely claiming that TFC sold counterfeit goods and infringed Opinel's trademark.

17.     In or about August 2023, Delecroix purchased an Opinel No.06 Carbon Steel Folding Pocket Knife with Beechwood Handle, ASIN B000UGYWQM (the "Item") from TFC's Amazon marketplace account.

18.     On August 31, 2023, Delecroix—on behalf of and at the direction of Opinel—submitted a customer complaint to Amazon, falsely alleging that the Item was a counterfeit (the "Customer Notice").

19.     This attempt to eliminate TFC was unsuccessful, as TFC easily proved to Amazon's satisfaction that the Item was not counterfeit.

20.     On October 5, 2023, Delecroix—on behalf of and at the direction of Opinel—submitted a second complaint, again falsely claiming the Item was counterfeit. This time, Delecroix submitted the notice of trademark infringement as the owner of intellectual property rights (the "Rightsowner Notice").

21.     In submitting the Rightsowner Notice to Amazon, Delecroix falsely stated that he had a good faith belief that the Item was counterfeit, and further swore under penalty of perjury that TFC's sale of the Item violated Opinel's intellectual property rights and was contrary to law.

22.     At all times, Delecroix and Opinel knew that the Item was not counterfeit and did not infringe on Opinel's intellectual property rights, and that its sale was lawful.

23.     As a result of the Rightsowner Notice, Amazon deactivated TFC's entire Amazon marketplace account.  Further, the Rightsowner Notice provided that Amazon, on January 3, 2024, can begin destroying a substantial number of Opinel-brand products owned by TFC currently held in Amazon warehouses.

24.     TFC can only reactivate its Amazon marketplace account and prevent the destruction of its property if Opinel provides a statement that TFC did not infringe on Opinel's trademark.

25.     Opinel refuses to provide such a statement, despite the fact that TFC did not infringe on Opinel's trademark.

**THE PARTIES**

26.     Plaintiff The Fork Corner is a French corporation with its principal place of business in Irigny, France.

27.     Defendant Opinel SAS is a French corporation with its principal place of business in Chambery, France.

28.     Defendant Opinel USA Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois.

29.     Defendant Alexandre Delecroix is an Illinois resident domiciled in Chicago, Illinois.

**JURISDICTION AND VENUE**

30.     This Court has subject matter jurisdiction over TFC's declaratory relief claims under 28 U.S.C. §§ 2201 and 2202.  This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338 because TFC's Lanham Act claims arise under the laws of the United States.  This Court has supplemental jurisdiction over the other state law claims pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because (i) there is complete diversity of citizenship between the parties, and (ii) more than $75,000, exclusive of interest and costs, is at stake.

31.     This Court has personal jurisdiction over Alexandre Delecroix because he resides and is domiciled in the state of Illinois.

32.     This Court has personal jurisdiction over Opinel USA Inc. because Opinel USA Inc. is incorporated and has its principal place of business in the state of Illinois.

33.     This Court has personal jurisdiction over Opinel SAS because Opinel SAS has

transacted business in this State, has contracted to supply goods and services in this State, derives substantial revenue from goods consumed and services rendered in this State, and has engaged in conduct—including the tortious conduct described herein—which it reasonably should have expected to have consequences in this State.

34.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to TFC's claims occurred in Illinois.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(c) because Delecroix and Opinel USA Inc. reside in this judicial district and the other parties are not residents of the United States.

**FACTUAL ALLEGATIONS**

**A.      Opinel Targeted TFC in Order to Unlawfully Control Prices in the U.S. Market**

35.     TFC sells tableware and kitchenware products exclusively through its online Amazon marketplace.

36.     Opinel-brand products account for a substantial percentage of the merchandise TFC sells in an average month.

37.     TFC has been a third-party Amazon seller since March 19, 2023, and has sold Opinel-brand products since June 2023.

38.     TFC sells Opinel-brand products on Amazon that TFC lawfully purchased from Opinel's European distributors. TFC then offers American consumers Opinel-brand products at lower prices than those offered by Opinel or other American distributors of Opinel products.

39.     TFC does not buy Opinel-brand products directly from Opinel.  As such, TFC has never entered into any contract—not even a simple purchase agreement—with Opinel.

40.     The products TFC purchases from Opinel's European distributors are all authentic Opinel-brand products.

41.     TFC has never sold a counterfeit Opinel-brand product.

42.     TFC does not infringe on Opinel's trademarks by selling Opinel-brand products. TFC does not alter in any way the Opinel-brand products it purchases from European distributors.

43.     TFC ships the products to TFC's customers consistent with Amazon's requirements that are necessary to protect the products during transit.  The products received by the customers are in the exact same condition, and appear identical to, the products as they are sold by Opinel through their distributors, and customers will immediately recognize the product as an authentic Opinel-brand product.

44.     On July 6, 2023, Opinel sent a letter to TFC asking TFC to stop purchasing Opinel products in Europe and reselling those products in the United States.  Opinel did not identify any provision of any contract with TFC or law that prohibited reselling products in the United States.

45.     Nowhere in Opinel's July 6 letter did Opinel accuse TFC of selling counterfeit products.  Indeed, Opinel's July 6 letter is an admission that Opinel recognized that TFC sold authentic Opinel products and that its later accusations of selling counterfeit products were knowingly false and fraudulent.

46.     The real reason Opinel wanted TFC to stop selling products in the United States was that Opinel believed TFC offered the products for sale at a price that was too low.  Opinel, in other words, wanted to make American consumers pay more for their products.

**B.      After Opinel's Initial Threat Failed, Delecroix Posed as an Amazon Customer to Submit a False Counterfeit Complaint to Amazon.**

47.     On August 29, 2023, Delecroix purchased the Item—an Opinel No.06 Carbon Steel Folding Pocket Knife with Beechwood Handle, ASIN B000UGYWQM, Part # 113060— from TFC.

48.     Amazon shipped the Item to Delecroix.

49.     The Item is an authentic Opinel-brand product.  It is not counterfeit.

50.     The Item had come into TFC's possession through the process by which TFC ordinarily receives Opinel-brand products.  TFC had purchased the Item from a European distributor, which itself had purchased the Item from one or more Opinel wholesalers that purchased the Item directly from Opinel.

51.     As evidenced by Opinel's July 6 letter, Opinel at that time knew of the process by which TFC sells Opinel-brand products, including the fact that TFC sold only authentic Opinel-brand products with an unbroken chain of custody from Opinel to TFC.

52.     On August 31, Delecroix submitted the Customer Notice to Amazon, falsely asserting that the Item was counterfeit.

53.     On information and belief, Delecroix submitted the Customer Notice at the direction of Opinel.

54.     Opinel and Delecroix knew the Item to be an authentic Opinel-brand product and not counterfeit.

55.     Shortly after receiving the Customer Notice, Amazon informed TFC of its submission and removed the Item's product listing from the Amazon marketplace.  Amazon's suspension of TFC's ability to list Opinel products caused damage to TFC, including lost sales and reputational harm.

56.     In a series of written messages to TFC in September 2023, Delecroix admitted that the reason he filed a complaint with Amazon against TFC was that TFC was "selling our products way under MAP [or minimum advertised price]."  Delecroix also asked for the identity of TFC's European distributor.

57.     On information and belief, Opinel's motive in seeking the identity of the European distributors working with TFC is to discover whether any European distributors are breaching their

own distribution agreements with Opinel that purportedly prohibit those distributors from selling Opinel products for distribution in the United States.

58.     TFC does not have any distribution agreement with Opinel.

59.     TFC does not have any distribution agreement with any European distributors.

60.     On September 8, TFC provided Amazon with evidence that demonstrated an unbroken chain of custody of the pocketknife from Opinel, to TFC, to Delecroix.

61.     Two hours later, Amazon granted TFC's appeal and reinstated the Item's product listing.

**C.      After Delecroix's First False Counterfeit Claim Failed to Put TFC Out of Business, Delecroix Submitted a Second False Complaint on Behalf of Opinel and Deactivated TFC's Account.**

62.     On October 5, Delecroix submitted the Rightsowner Notice to Amazon.  Unlike the Customer Notice, in which he posed as a buyer, Delecroix submitted the Rightsowner Notice on behalf of Opinel as the owner of intellectual property rights.

63.     The Rightsowner Notice, like the Customer Notice, concerns the exact same product: the Item.  The ASINs, Part Numbers, and descriptions of the products underlying the Customer Notice and the Rightsowner Notice are identical.

64.     The Rightsowner Notice, like the Customer Notice, falsely asserted that the Item is counterfeit.  The trademark "Infringement type" that Delecroix selected on the Amazon complaint form was "Counterfeit."

65.     On information and belief, Delecroix encountered and affirmatively acknowledged the following message immediately before submitting the Rightsowner Notice:

> By clicking Submit:
> - I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law.

- I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above.

66. On information and belief, Delecroix submitted the Rightsowner Notice at the direction of Opinel SAS and Opinel USA Inc.

67. Opinel and Delecroix knew the Item was an authentic Opinel product and not counterfeit when they submitted the Rightsowner Notice.

68. In subsequent correspondence with TFC, Opinel acknowledged that TFC's Opinel-brand products were not counterfeit. On October 31, 2023, Opinel stated that it was willing "to accept return of TFC's inventory of Opinel products and refund TFC's purchase price." This evidences Opinel's bad faith and ulterior motive to destroy TFC's business and unlawfully control prices in the United States.

69. Upon receiving the Rightsowner Notice, Amazon deactivated TFC's entire Amazon marketplace account.

70. On information and belief, Amazon takes notices of infringement much more seriously when made by purported owners of intellectual property than by customers.

71. On information and belief, Amazon has a policy of taking action on every notice of infringement it receives from intellectual property owners.

72. On information and belief, Opinel knew of this policy when it directed Delecroix to submit the fraudulent Rightsowner Notice.

73. Amazon relied on the assertion in the Rightsowner Notice, made under oath by Delecroix—as an employee of Opinel, the purported rights owner—that Opinel-brand products sold by TFC were counterfeit.

74. Shortly after receiving the Rightsowner Notice, Amazon informed TFC via email of its submission and that TFC's Amazon marketplace account had been deactivated. TFC's entire

catalog was removed from the Amazon marketplace, including TFC's other Opinel-brand products and even TFC's non-Opinel-brand products.

75.     Amazon's email to TFC stated that it "received a report from a rights owner that [some of TFC's listings] may infringe the rights owner's trademark" and "are inauthentic."

76.     The email from Amazon stated that TFC's account can be reactivated only by providing a letter of authorization or a licensing agreement from Opinel demonstrating that TFC's products are lawful.  Because TFC does not have any agreement with Opinel, including any licensing agreement, TFC can only reactivate its Amazon marketplace account by providing a letter of authorization from Opinel.

77.     The email from Amazon further stated that until TFC provides the letter of authorization, TFC's listings will remain inactive, and Amazon reserves the right to destroy the inventory associated with the purported trademark violation if the letter of authorization is not provided within 90 days—by January 3, 2024.

78.     On information and belief, Amazon has a policy of consistently exercising its right to destroy products that purportedly violate intellectual property rights when a notice of infringement goes uncured after 90 days.

79.     Upon receiving the Rightsowner Notice, TFC independently engaged a French accountant and court expert to verify the Item's authenticity. The expert concluded that the Item is authentic and not counterfeit.

80.     TFC provided the expert's written report and other relevant documentation to Amazon.

81.     On October 7, Amazon stated to TFC that the information provided was insufficient to reactivate TFC's account.

82.    On October 9, TFC requested that Opinel withdraw its complaint or provide the documentation needed for TFC to reactivate its account.

83.    On October 10, Delecroix replied, saying: "Opinel SAS tried to contact you via mail earlier this year to inform you that you are not authorized to sell Opinel products outside of the European Union."

84.    TFC is not bound by any agreement that prevents it from selling Opinel-brand products outside of the European Union. Like countless other Amazon third-party sellers, TFC operates a lawful third-party resale business protected by the first sale doctrine.

85.    On October 10, Opinel sent a letter to TFC that was substantially identical to Opinel's July 6 letter. Opinel repeated its unsupported assertion that TFC is in violation Opinel's policy prohibiting the resale of Opinel products from European distributors in the United States.

86.    Remarkably, after (i) submitting the Customer Notice asserting that the Item is counterfeit, (ii) submitting the Rightsowner Notice asserting the same thing, (iii) successfully deactivating TFC's entire Amazon account at a key point in the annual sales cycle, and (iv) rejecting TFC's numerous offers to compromise regarding Opinel's distribution policy, Opinel could do nothing more than simply reiterate the same points it made in its letter from three months prior— points that have nothing to do with whether TFC's products are counterfeit, and, in fact, have no legal bearing on TFC whatsoever.

87.    Opinel has never submitted any legal claim against TFC in any jurisdiction, including any claim alleging a violation of Opinel's intellectual property rights.

88.    TFC refused to capitulate to Opinel's demand that TFC stop selling Opinel-brand products or to sell back its inventory to Opinel because TFC's inventory of Opinel-brand products wholly and rightfully belongs to TFC. Under the first sale doctrine, Opinel has no rights in TFC's

inventory of Opinel-brand products.

89.　　Opinel's false counterfeit claims are a transparent attempt to unilaterally shut down TFC's business in order to extort TFC into giving up its right to resell Opinel products.

90.　　Opinel's deactivation of TFC's Amazon account has caused substantial and irreparable harm to TFC's business, including the total loss of TFC's daily sales.

91.　　Since its founding, TFC's sales have increased steadily as TFC expanded its product offerings, mainly from brands other than Opinel.

92.　　Opinel's attack on TFC during the height of its consumer sales season compounded the economic harm to TFC. TFC expected its average daily gross sales to at least triple during the holiday shopping season starting on November 17, as compared to sales at the end of September and beginning of October.

93.　　TFC sells a wide range of other Opinel-brand products and products from other brands, as well.

94.　　Because of the Rightsowner Notice and Amazon's response, TFC suffered an immediate drop in sales starting on October 5, 2023. By October 8, Amazon had completely deactivated TFC's Amazon store and account.  As a result, TFC has not sold a single product, including non-Opinel-brand products, since October 8, 2023.

95.　　In submitting the Rightsowner Notice, Opinel directed Amazon to destroy Opinel-brand products.

96.　　Under the first sale doctrine, TFC has not violated any Opinel trademark.  TFC sells authentic Opinel-brand products exactly as it receives them from European distributors,  which are shipped to TFC customers consistent with Amazon policies.

97.　　TFC has a substantial inventory of Opinel-brand products currently in Amazon

warehouses that Amazon will destroy on January 3, 2024.

98.     A large quantity of products is also in transit to Amazon warehouses.  TFC directed the shipment of these products before its Amazon account was deactivated.

99.     Further, the deactivation of TFC's Amazon account automatically froze all funds that were being processed in the account.  To explain briefly, Amazon collects the proceeds of sales on behalf of third-party sellers, processes the transactions, and transfers the proceeds to the sellers.  In other words, TFC's Amazon account currently contains funds from orders that were placed, paid-for, and fulfilled by TFC, but to which TFC did not have immediate access as Amazon processed the orders.

100.     Withdrawing a complaint of intellectual property infringement on Amazon is simple and requires nothing more than a few clicks.

101.     On information and belief, Opinel submitted the Customer Notice and Rightsowner Notice with the primary intention of preventing TFC from selling Opinel-brand products by shutting down TFC's Amazon marketplace account.

102.     On information and belief, Opinel acted with the secondary intention of pressuring TFC to provide the identity of the European distributors working with TFC, so that Opinel could take action against them.

## FIRST CAUSE OF ACTION
### Declaratory Judgment

103.     TFC repeats and realleges the allegations above, as if fully restated herein.

104.     Pursuant to the Declaratory Judgment Act of 1934, 28 U.S.C. § 2201–02, this Court is authorized to issue a declaratory judgment.

105.     An actual and justiciable controversy presently exists between TFC and Opinel as to whether the Item is counterfeit and whether TFC sells counterfeit Opinel-brand products.

106.    A judicial determination is necessary and required to adjudicate the parties' respective rights and obligations.

107.    Delecroix, in his capacity as an employee of Opinel, submitted two trademark infringement notices to Amazon, asserting that the Item is counterfeit.

108.    The Item is not counterfeit.  It is an authentic Opinel-branded product and does not infringe on Opinel's trademark in any way.

109.    The Rightsowner Notice resulted in Amazon deactivating TFC's account on October 5, 2023.

110.    Since October 5, TFC has lost thousands of dollars in gross sales per day.

111.    On January 3, 2024, Amazon will destroy certain of TFC's inventory held in Amazon warehouses.

112.    TFC is thus entitled to a declaration pursuant to 28 U.S.C. § 2201 that: (a) the Item is not counterfeit; (a) TFC has not infringed on Opinel's trademark; and (c) TFC can lawfully resell Opinel-brand products under the first sale doctrine.

<u>**SECOND CAUSE OF ACTION**</u>
**Illinois Common Law Fraud**

113.    TFC repeats and realleges the allegations above, as if fully restated herein.

114.    In the Customer Notice and Rightsowner Notice, Delecroix and Opinel falsely stated that the Item was counterfeit.

115.    When it made the statements, Delecroix and Opinel knew that the Item was authentic and was not counterfeit.

116.    Delecroix and Opinel made the statements with the intent to induce Amazon to deactivate TFC's Amazon account.

117.    Amazon reasonably relied on Delecroix and Opinel's statements that the Item was

counterfeit.

118. Relying on Delecroix and Opinel's statements, Amazon deactivated TFC's Amazon account.

119. As a direct result of Amazon's reliance, TFC has suffered damages in an amount to be determined at trial.

120. TFC is also entitled to permanent injunctive relief in the form of Opinel being compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property rights.

**THIRD CAUSE OF ACTION**
**Defamation**

121. TFC repeats and realleges the allegations above, as if fully restated herein.

122. In the Customer Notice and Rightsowner Notice, Delecroix and Opinel published false statements about TFC.

123. The Customer Notice and Rightsowner Notice are defamation *per se* because they tend to subject TFC to distrust, ridicule, contempt, and disgrace, and are injurious to TFC's trade and professional reputations, and because counterfeiting is a crime under the Lanham Act.

124. Delecroix and Opinel knew or should have known that the statements made to Amazon about TFC were false and would cause severe damage to TFC's reputation and business opportunities.

125. The false and defamatory statements were made by Delecroix and Opinel with actual malice because they either knew of their falsity or made the statements with reckless disregard of their truth or falsity.

126. In making the defamatory statements, Delecroix and Opinel acted intentionally, maliciously, willfully and with the intent to injure TFC.

127.     TFC has been harmed by the loss of its Amazon marketplace and of the economic

value in goodwill and the reputation it has built on its Amazon marketplace account.

128.     As a result of Delecroix and Opinel's publication to Amazon of a false statement

about TFC, TFC has suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Trade Libel**

129.     TFC repeats and realleges the allegations above, as if fully restated herein.

130.     In the Customer Notice and Rightsowner Notice, Delecroix and Opinel published

false statements about TFC.

131.     The statements made in the Customer Notice and Rightsowner Notice that the Item

is counterfeit were false when made and Delecroix and Opinel knew or should have known that

the statements were false when made.

132.     Delecroix and Opinel made these statements maliciously and willfully and

intended to cause harm to TFC's reputation.  The statements were made with reckless disregard

for their truth or falsity or with knowledge of their falsity and with wanton and willful disregard

of the reputation and rights of TFC.

133.     Delecroix and Opinel knew or should have known that submitting the Customer

Notice and Rightsowner Notice would result in inducing others not to deal with TFC, namely

because the Customer Notice temporarily removed the Item from TFC's Amazon marketplace

and the Rightsowner Notice deactivated TFC's Amazon marketplace.

134.     The falsehood of these statements played a material and substantial part in

inducing others not to deal with TFC, namely because the Customer Notice removed the Item

from the Amazon marketplace and the Rightsowner Notice deactivated TFC's Amazon

marketplace account.

135.    The statements that the Item is counterfeit constitute injurious falsehoods and trade libel, which impugn the integrity of TFC and the quality of TFC's products and business.  These statements were expressly directed at TFC.

136.    These statements were false and were published to Amazon in this district and across the Internet.

137.    Delecroix and Opinel have no privilege to assert false and disparaging statements.

138.    As a result of Delecroix and Opinel's acts, TFC has suffered irreparable damage to its reputation and further special damages in the form of lost sales and profits, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Commercial Disparagement

139.    TFC repeats and realleges the allegations above, as if fully restated herein.

140.    In the Customer Notice and Rightsowner Notice, Delecroix and Opinel made false and disparaging statements about TFC by asserting that the Item TFC sold to Delecroix was counterfeit.

141.    The Item is an authentic Opinel-brand product and is not counterfeit.

142.    Delecroix and Opinel made the statements for the purpose of inducing Amazon to deactivate TFC's Amazon account.

143.    Amazon reasonably relied on Delecroix and Opinel's statements.

144.    Amazon relied on Delecroix and Opinel's statements by deactivating TFC's Amazon account.

145.    As a result of Delecroix and Opinel's false and disparaging statements, TFC has suffered damages in an amount to be determined at trial.

146.    TFC is also entitled to permanent injunctive relief in the form of Delecroix and

Opinel being compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property rights.

## SIXTH CAUSE OF ACTION
### Tortious Interference with Business Relations

147.    TFC repeats and realleges the allegations above, as if fully restated herein.

148.    TFC maintained a business relationship with Amazon and customers that purchased products through TFC's Amazon marketplace account.

149.    Delecroix and Opinel had knowledge of these business relationships.

150.    Delecroix and Opinel intentionally and unjustifiably interfered with these business relationships by submitting the fraudulent Customer Notice and Rightsowner Notice containing false assertions of trademark infringement relating to TFC's sale of the Item to Delecroix.

151.    As a result of Delecroix and Opinel's tortious interference with TFC's existing business relationships, TFC has suffered damages in an amount to be determined at trial.

152.    TFC is also entitled to permanent injunctive relief in the form of Opinel being compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property rights.

## SEVENTH CAUSE OF ACTION
### Tortious Interference with Contract

153.    TFC repeats and realleges the allegations above, as if fully restated herein.

154.    TFC had a contract with Amazon whereby TFC was authorized to sell products on the Amazon marketplace.

155.    Delecroix and Opinel had knowledge of this contract.

156.    Defendants intentionally and unjustifiably interfered with this contract by

submitting the fraudulent Customer Notice and Rightsowner Notice containing false assertions of trademark infringement relating to TFC's sale of the Item to Delecroix.

157.    Delecroix and Opinel had an improper motive in submitting the Customer Notice and Rightsowner Notice—specifically, to remove TFC from the Amazon marketplace.

158.    As a result of Delecroix and Opinel's tortious interference with TFC's existing business relationships, TFC has suffered damages in an amount to be determined at trial.

159.    TFC is also entitled to permanent injunctive relief in the form of Opinel being compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property rights.

## EIGHTH CAUSE OF ACTION
### Intentional Interference with Prospective Economic Advantage

160.    TFC repeats and realleges the allegations above, as if fully restated herein.

161.    TFC had a reasonable expectation of continuing its valid business relationship with Amazon by selling products on the Amazon marketplace.

162.    TFC also had a reasonable expectation of entering into a valid business relationship with customers that purchased products through TFC's Amazon marketplace account.

163.    Delecroix and Opinel had knowledge of these business relationships.

164.    Delecroix and Opinel intentionally and unjustifiably interfered with these business relationships by submitting the fraudulent Customer Notice and Rightsowner Notice containing false assertions of trademark infringement relating to TFC's sale of the Item to Delecroix.

165.    Delecroix and Opinel's purposeful and intentional interference prevented TFC's legitimate expectancy from ripening into valid business relationships because Delecroix and Opinel's interference caused Amazon to deactivate TFC's Amazon account.

166.    As a result of Delecroix and Opinel's tortious interference with TFC's existing business relationships, TFC has suffered damages in an amount to be determined at trial.

167.    TFC is also entitled to permanent injunctive relief in the form of Opinel being compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property rights.

## NINTH CAUSE OF ACTION
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2

168.    TFC repeats and realleges the allegations above, as if fully restated herein.

169.    In submitting the Customer Notice and Rightsowner Notice, Delecroix and Opinel engaged in deceptive acts and made material misrepresentations about TFC by asserting that the Item TFC sold to Delecroix was counterfeit.

170.    The Item is an authentic Opinel-brand product and is not counterfeit.

171.    Delecroix and Opinel's false statements disparaged the goods and business of TFC.

172.    Delecroix and Opinel made the statements for the purpose of inducing Amazon to deactivate TFC's Amazon account.

173.    Amazon reasonably relied on Delecroix and Opinel's statements.

174.    Delecroix and Opinel's statements caused Amazon confusion and misunderstanding as to the source, sponsorship, approval or certification of the Item.

175.    Amazon relied on Delecroix and Opinel's statements by deactivating TFC's Amazon account.

176.    As a result of Delecroix and Opinel's false statements, TFC has suffered damages in an amount to be determined at trial.

## TENTH CAUSE OF ACTION
**Violation of the Illinois Uniform Deceptive Trade Practices Act,**
**815 ILCS 510/2**

177.     TFC repeats and realleges the allegations above, as if fully restated herein.

178.     In submitting the Customer Notice and Rightsowner Notice, Delecroix and Opinel

engaged in deceptive acts and made material misrepresentations about TFC by asserting that the

Item TFC sold to Delecroix was counterfeit.

179.     The Item is an authentic Opinel-brand product and is not counterfeit.

180.     Delecroix and Opinel's false statements disparaged the goods and business of

TFC.

181.     Delecroix and Opinel made the statements for the purpose of inducing Amazon to

deactivate TFC's Amazon account.

182.     Amazon reasonably relied on Delecroix and Opinel's statements.

183.     Delecroix and Opinel's statements caused Amazon confusion and

misunderstanding as to the source, sponsorship, approval or certification of the Item.

184.     Amazon relied on Delecroix and Opinel's statements by deactivating TFC's

Amazon account.

185.     TFC is entitled to permanent injunctive relief in the form of Opinel being

compelled to withdraw its Rightsowner Notice or provide a letter of authorization stating that

TFC is authorized to sell Opinel-brand products that do not infringe Opinel's intellectual property

rights.

## ELEVENTH CAUSE OF ACTION
**Violation of the Lanham Act, 15 U.S.C. § 1125**

186.     TFC repeats and realleges the allegations above, as if fully restated herein.

187.      Delecroix—on behalf and at the direction of Opinel—committed a false or

misleading representation of fact and product disparagement.

188.     Under the Lanham Act, a corporate officer may be held personally liable for false or misleading representation and product disparagement if the officer is a moving, active conscious force behind the corporation's wrongful conduct.

189.     Delecroix is the brand manager of Opinel USA Inc.

190.     Delecroix is the moving, active conscious force behind Opinel's wrongful conduct.

191.     TFC has a commercial interest in its commercial and business reputation.

192.     TFC has established a business reputation as a popular and trusted seller of tableware products on its Amazon marketplace.

193.     Delecroix—on behalf and at the direction of Opinel—knowingly made false, misleading, disparaging and defamatory statements in commerce through its Customer Notice and Rightsowner Notice, which falsely asserted that the Item was counterfeit and infringed on Opinel's trademark rights.

194.     These statements actually deceived Amazon and are likely to deceive and confuse the public (*i.e.*, TFC's Amazon customers) into believing that TFC's products are counterfeit, thereby materially affecting their decision and ability to purchase TFC's products.

195.     The Customer Notice and Rightsowner Notice were intended to advance Opinel's business interests by deactivating TFC's Amazon marketplace, thereby forcing customers to purchase Opinel-brand products from Opinel's American distributors at higher prices.

196.     Delecroix and Opinel's false and misleading representations were sufficiently disseminated to actual and prospective customers by way of the Customer Notice and Rightsowner Notice—which represented to Amazon that TFC sells counterfeit products and thereby deactivated TFC's Amazon marketplace account—so as to constitute advertising.

197.    Delecroix and Opinel's false and misleading representations of TFC's alleged infringement have misled, confused and deceived customers and prospective customers as to TFC's reputation.  Further, these misrepresentations have the capacity to continue misleading, confusing, and deceiving TFC's customers and prospective customers.

198.    Delecroix and Opinel's false and misleading representations had a material effect on TFC's customers' and prospective customers' decisions to do business with TFC because, as a result of the Rightsowner Notice, Amazon deactivated TFC's Amazon account.

199.    Delecroix and Opinel made these false and misleading representations in interstate commerce and these false and misleading representations affect interstate commerce.

200.    On information and belief, Delecroix and Opinel knew that they had no support whatsoever for the Customer Notice and Rightsowner Notice, and Delecroix and Opinel acted with the intent that TFC's Amazon account be deactivated in an effort to remove from the market a lower-priced competitor of Opinel's American distributors.  By removing TFC from the Amazon marketplace, Opinel obtained an economic advantage from higher demand from its American distributors, to whom Opinel sells the same products at higher prices.  Delecroix and Opinel thus acted knowingly, willfully and maliciously with intent to injure TFC.

201.    The Customer Notice and Rightsowner Notice constitute false or misleading representations of fact and product disparagement under 15 U.S.C. § 1125.

202.    The damage to TFC's economic and reputational injuries were directly caused by Delecroix and Opinel's false and misleading representations and product disparagement.

203.    As a direct and proximate cause of Delecroix and Opinel's false and misleading representations and product disparagement, TFC has been damaged in the form of lost sales and loss of reputation/customer goodwill and is entitled to monetary relief in an amount to be

determined at trial.

204.    As a direct and proximate result of Delecroix and Opinel's false and misleading representations and product disparagement, TFC has suffered and continues to suffer great and irreparable injury, for which TFC has no adequate remedy at law.

205.    Delecroix and Opinel will continue their actions, constituting false and misleading representations and product disparagement, unless enjoined by this Court.

### TWELFTH CAUSE OF ACTION
### Negligent Misrepresentation

206.    TFC repeats and realleges the allegations above, as if fully restated herein.

207.    In the Customer Notice and Rightsowner Notice, Delecroix and Opinel supplied false information to Amazon, asserting that the Item is counterfeit.

208.    In the Rightsowner Notice, Opinel purported to be the owner of a trademark related to the Item.

209.    Amazon reasonably relied on the false information Opinel supplied.

210.    As a direct and proximate result of Amazon's reliance on this false information, TFC has suffered damages in an amount to be determined at trial.

### DEMAND FOR RELIEF

WHEREFORE, TFC respectfully requests that this Court:

A.  Declare that TFC's sale of Opinel products does not infringe any purported trademark rights owned by Opinel;

B.  Temporarily, preliminarily and permanently enjoin Opinel and its agents, employees, representatives and all persons in active concert or participation with Opinel, including Delecroix, from making false or misleading representations relating to TFC's products;

C.  Order Opinel to withdraw the Rightsowner Notice or provide TFC with a statement that the Item is not counterfeit;

D.  Award TFC monetary damages in an amount determined at trial;

E.  Award TFC punitive damages as are appropriate in view of Opinel's willful conduct and bad faith;

F.  Award TFC all costs of this action including reasonable attorneys' fees;

G.  Enter a judgment that this is an exceptional case and award TFC its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

H.  Award pre-judgment and post-judgment interest; and

I.  Grant such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

TFC demands a trial by jury on all issues so triable.

Dated: November 21, 2023

Respectfully submitted,

BOIES SCHILLER FLEXNER LLP

By: */s/ John Kucera*

John Kucera
Katie Kavanaugh*
2029 Century Park East
Los Angeles, CA 90067
(t) +1 213 995 5718
kkavanaugh@bsfllp.com
jkucera@bsfllp.com

Craig Wenner*
Luke Williams*
55 Hudson Yards
New York, NY 10001
(t) +1 212 446 2300
cwenner@bsfllp.com
lwilliams@bsfllp.com

*Attorneys for Plaintiff The Fork Corner SAS*

* Application for admission forthcoming