UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The Fork Corner SAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 23 C 16187 |
| | ) |
| Opinel SAS, Opinel USA Inc., and | ) |
| Alexandre Delecroix, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

This action arises out of a dispute between Plaintiff, The Fork Corner SAS ("TFC"), and Defendants, Opinel SAS, Opinel USA, and Alexandre Delecroix (collectively, "Defendants"). TFC is a third-party French online retailer who resells authentic Opinel products on Amazon marketplace. Opinel SAS is a French corporation, with Opinel USA serving as its American extension. Delecroix, Opinel USA's brand manager, is a French citizen residing in Chicago.

TFC's Amazon account was deactivated after Defendants submitted various complaints claiming that the products sold by TFC were counterfeit. As a result, TFC brought numerous claims against Defendants, including claims sounding in fraud, defamation, negligent misrepresentation, and tortious interference with contract and business relations.

Before the Court is Defendants' motion to dismiss TFC's Amended Complaint. For the reasons that follow, Defendants' motion is granted.

## BACKGROUND

The following facts come from the Amended Complaint and are assumed true for the purposes of this motion. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in TFC's favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

TFC is a French online retailer that sells tableware and kitchenware products on Amazon. About 26% of the products sold by TFC are products manufactured by Opinel SAS. TFC has never entered into a contract with Opinel. Instead, TFC acquires authentic Opinel products by purchasing them directly from European distributors. European distributors obtain Opinel products at lower prices than American distributors. By purchasing the Opinel products abroad instead of domestically, TFC is able to acquire Opinel products at a lower price. TFC then passes on the savings to American consumers via its online Amazon marketplace account by selling Opinel products at lower prices than those offered by other American companies.

Once Defendants became aware that TFC was selling Opinel products in the United States at a lower price, Defendants began to take steps to remove these products from the Amazon marketplace. Around August 2023, Delecroix purchased an Opinel No. 06 Carbon Steel Folding Pocket Knife with Beechwood Handle from TFC's Amazon account. On August 31, 2023, Delecroix submitted to Amazon a Customer

2

Notice alleging that the Opinel knife was counterfeit, despite being in possession of the product and knowing that it was genuine. TFC was able to refute this claim by providing evidence to Amazon showing that the knife was authentic. On October 5, 2023, Delecroix submitted a Rightsowner Notice to Amazon, stating he had a good faith belief that the knife was counterfeit, and that TFC's sale of the knife violated Opinel's intellectual property rights. Amazon deactivated TFC's Amazon marketplace account upon receiving the Rightsowner Notice. Amazon also informed TFC that Amazon could destroy TFC's Opinel inventory contained in Amazon warehouses starting January 3, 2024.

Throughout this time, the parties engaged in back-and-forth correspondence wherein Defendants admitted that the Opinel products in TFC's possession were not counterfeit. On September 25, 2023, TFC received a message from Defendants stating: "You are selling our products way under MAP… Please respond with an email address so that our EU legal team can be in touch with you." Dkt. # 27, ¶ 61. In another correspondence dated October 10, 2023, Defendants wrote to TFC stating: "Opinel SAS tried to contact you via mail earlier this year to inform you that you are not authorized to sell Opinel products outside of the European Union. The attached letter confirms this restriction." *Id.* ¶ 92. On October 31, 2023, Defendants informed TFC that it was "willing to accept TFC's inventory of Opinel products and refund TFC's purchase price." *Id.* ¶ 98.

Amazon indicated it would reactivate TFC's account if: (1) it received a statement from Opinel stating that TFC did not infringe on Opinel's trademark rights or (2) if Opinel withdrew the Rightsowner Notice. When Defendants did neither, TFC proceeded by filing this lawsuit. TFC filed its original complaint on November 21, 2023. *See* Dkt. # 1. Shortly after, on December 4, 2023, Defendants wrote a letter to TFC stating that TFC "agrees that the [knife] that it purchased from TFC through Amazon on August 29, 2023, is a genuine Opinel product." *See* Dkt. # 27, ¶ 99. Defendants also agreed to withdraw the Rightsowner Notice on the condition that TFC agree not to sell Opinel products while this lawsuit remained pending. By this point, TFC's Amazon account had been deactivated for almost three months. TFC lost substantial revenue during this period since the deactivation occurred during the holiday season and suffered additional damages, including the dilution of its brand and its position with Amazon and the Amazon marketplace.

The Amended Complaint, filed on February 20, 2024, Dkt. # 27, seeks a declaratory judgment that TFC's sale of Opinel products was lawful and did not infringe on Opinel's trademark rights. The Amended Complaint brings claims for: (1) fraud; (2) defamation; (3) commercial disparagement; (4) tortious interference with business relations; (5) tortious interference with contract; (6) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2; (7) violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2; (8) violation of the Lanham Act, 15 U.S.C. § 1125; and (9) negligent misrepresentation. Defendants

4

seek to dismiss the entirety of TFC's Amended Complaint under the doctrine of *forum non conveniens* and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

Defendants first move to dismiss TFC's complaint under the theory of *forum non conveniens*. Under the doctrine of *forum non conveniens,* a court has discretion to dismiss a case over which it normally has jurisdiction if doing so "best serves the convenience of the parties and the ends of justice." *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1192 (N.D. Ill. 2014). "The defendants' burden in alleging forum non conveniens, however, is heavy." *Deb v. SIRVA, Inc.*, 832 F.3d 800, 810 (7th Cir. 2016) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)). Also, "[w]hile courts ordinarily accord a plaintiff's choice of forum strong deference, this is not the case where, as here, the plaintiff is foreign." *Instituto Mexicano del Seguro Soc. v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (cleaned up).

To prevail on its motion, Defendants must show that an available alternative forum exists for TFC's claims, and that "trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Domanus v. Lewicki*, 779 F. Supp. 2d 739, 752 (N.D. Ill. 2011).

5

Defendants' position is that this case is really a dispute between two French companies, Opinel SAS and TFC. Because this is a case between two international parties, Defendants claim that the case belongs in France and not the American court system. The Court agrees. Given the extensive allegations made against Opinel SAS (and the lack of allegations directed at Opinel USA), it is evident that Opinel USA has no meaningful role in the dispute or the decision-making process.

A. Alternative Forum

The first step in a *forum non conveniens* inquiry is to determine if an alternative forum exists to hear the dispute. The availability of an alternative forum is a two-part test focused on availability and adequacy. *See Instituto Mexicano*, 29 F.4th at 358. "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction. An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Deb*, 832 F.3d at 807 (citing *Kamel v. Hill–Rom Co.*, 108 F.3d 799, 802 (7th Cir. 1997)).

To meet their burden, Defendants need to show that TFC can sue the prominent defendants in this action, Opinel SAS and Delecroix, in France. As Defendants point out, this issue is easily resolved since TFC already sued Opinel SAS in France in a case based on the same factual assertions underlying this lawsuit. By previously bringing a suit against Opinel SAS in France, TFC is judicially estopped from denying France's competency to hear its claims now. *See Janusz v. City of Chicago*, 832 F.3d 770, 776 (7th Cir. 2016) (finding that judicial estoppel applied when the plaintiff took an

6

inconsistent position). Thus, it is clear that these two defendants are subject to French jurisdiction. It is also clear that litigating in France will not cause undue burden on either party.

Defendants also persuasively argue that Delecroix would also be subject to French jurisdiction. Even though Delecroix is an employee of Opinel USA and resides in Chicago, Delecroix is a French national so French law could compel his attendance. *See* Article 15 of the French Civil Code ("[a] French person may be brought before a French court for obligations contracted by him in a foreign country, even with a foreigner"). Defendants further state that Delecroix agrees to cooperate in any French proceeding. This weighs in favor of sending the case back to France.

### B. Private and Public Interest Factors

"Courts look to four private interest factors when evaluating the viability of an alternative forum[:] . . . '(1) relative ease of access to sources of proof; (2) availability of compulsory process and costs for attendance of witnesses; (3) possibility of viewing the premises, if appropriate; and (4) other practical issues, including the ease of enforcement of any ultimate judgment.'" *Instituto Mexicano,* 29 F.4th at 359. The public interest factors include: "the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of laws or in the

7

application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Kamel*, 108 F.3d at 803.

Here, the private interest factors do not weigh heavily in favor of either forum. This dispute concerns activities that took place over an e-commerce marketplace. This alleviates any concerns over the location of sources of proof or viewing of the premises, since it appears that most of the conduct occurred online. Surely this information is equally accessible in both France and the United States. The parties do not argue otherwise. At any rate, most courts afford less significance to this factor, given how technological advances have made it easy to transfer this information. *Einhaus v. Textmunication Holdings, Inc.*, 2018 WL 398258, *2 (N.D. Ill. 2018) ("To the extent the other sources of proof are documents . . . they are presumed to be easily transportable, so the access to proof factor does not weigh heavily in favor of either district").

The public interest factors also support sending the case back to France. Since this case is, at its core, a dispute between two French companies, a court in their home country will have a stronger invested interest in resolving the dispute. TFC has not provided sufficient authority demonstrating that the French courts are not competent on hearing this dispute. Defendants' motion to dismiss is granted.

Because we find that this case should be dismissed under the doctrine of *forum non conveniens*, the Court need not address Defendants' remaining arguments supporting its motion to dismiss.

8

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss [31] is granted on the grounds of *forum non conveniens*. The Amended Complaint is dismissed with prejudice. Civil case terminated. It is so ordered.

Dated: February 26, 2025

_____
Charles P. Kocoras
United States District Judge